# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PHENIX LONGHORN LLC,<br><br>　　　　Plaintiff,<br>　v.<br><br>AU OPTRONICS CORPORATION,<br>HISENSE ELECTRONICA MEXICO,<br>S.A. DE C.V., and DOES 1–10,<br><br>　　　　Defendants. | **CIVIL ACTION NO. 2:23-cv-00477-RWS-RSP**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PHENIX LONGHORN LLC'S RESPONSE TO DEFENDANT AUO'S
OBJECTIONS TO MAGISTRATE JUDGE PAYNE'S REPORT AND
<u>RECOMMENDATION TO DENY AUO'S MOTION TO DISMISS</u>**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff Phenix Longhorn LLC ("Phenix") submits this Response to AUO Corporation's ("AUO") Objections, Dkt. 39, to the Magistrate Judge's Report and Recommendation, Dkt. 34, ("Recommendation") to deny AUO's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). For the following reasons, AUO's Objections should be overruled, and Magistrate Judge Payne's Report and Recommendation should be adopted.

Phenix filed suit against AUO for its inducement of direct infringement of U.S. Patent No. 7,233,305 ("the '305 Patent") and U.S. Patent No. 7,557,788 ("the '788 Patent") (collectively, the "Asserted Patents") that occurred in the United States. Dkt. 36 ¶¶ 64, 85, First Amended Complaint ("FAC"). AUO's Motion to Dismiss took the erroneous position that induced infringement based on extraterritorial acts that induce direct infringement in the United States cannot constitute infringement under U.S. patent law. Dkt. 12. AUO's position is not supported by any controlling authority, is contradicted by many years of opposing authority from the Federal Circuit, this District Court, and many other District Courts, and, in fact, has been rejected by the Federal Circuit even after the Supreme Court's *RJR Nabisco* decision that AUO entirely relies upon for its motion. *See generally* Dkt. 14 at 6–11 (Phenix's Opposition to AUO's Motion to Dismiss). Accordingly, AUO's argument was correctly rejected by Magistrate Judge Payne in the Recommendation, based on controlling Federal Circuit authority. Dkt. 34. Further, Magistrate Judge Payne correctly found that Phenix's Complaint[1] sufficiently pleads causes of action against AUO for inducement of infringement of Phenix's Asserted Patents.

    A.    **Magistrate Judge Payne's Recommendation Properly Applies Controlling Federal Circuit Precedent that Mandates Denying AUO's Motion.**

---

[1] Phenix filed its FAC on August 19, 2024 (Dkt. 36). Like the original Complaint (Dkt. 1), Phenix's FAC also sufficiently alleges causes of action against AUO for inducement of infringement based on extraterritorial acts that induce direct infringement in the United States. As recognized in AUO's Objection to the Recommendation (Dkt. 39 fn.1), AUO acknowledges that "Phenix's FAC does not affect the basis for AUO's motion to dismiss" or the Magistrate's Recommendation to deny that motion. As such, references to the Complaint are to the original (Dkt. 1) with corresponding FAC paragraphs noted in footnotes.

1

AUO argues that the Supreme Court's decision in *RJR Nabisco, Inc. v. European Community*, 579 U.S. 325 (2016) overrules *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012) and forecloses liability for AUO's acts of infringement because they do not implicate the U.S.'s territorial jurisdiction. Dkt. 39 at 3. Magistrate Judge Payne properly found that AUO's position is not supported by Federal Circuit precedent and that *Merial* remains the law. Dkt. 34 at 2–3. Specifically, Magistrate Judge Payne correctly relied on *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 408 (Fed. Cir. 2018)—which was issued <u>after</u> the *RJR Nabisco* decision—to find that "liability for induced infringement under § 271(b) can be imposed on extraterritorial acts, provided that the patentee proves the defendant possessed the requisite knowledge and specific intent to induce direct infringement in the United States." *Id.*

AUO incorrectly argues that this Court is not bound by *Enplas* because the "issue was neither argued nor discussed in [the] opinion." Dkt. 39 at 4–5 (quoting *Boeing N. Am. Inc. v. Roche*, 298 F.3d 1274, 1282 (Fed. Cir. 2002)). Contrary to AUO's position, the fact that *Enplas* did not expressly mention *RJR Nabisco* does not mean that it did not discuss or address the extraterritorial scope of 35 U.S.C. § 271(b). In fact, *Enplas* expressly analyzed the territorial versus extraterritorial distinction between direct infringement under § 271(a) and induced infringement under § 271(b). *See* 909 F.3d at 408 ("Unlike direct infringement under 35 U.S.C. § 271(a), which must occur in the United States, liability for induced infringement under § 271(b) can be imposed based on extraterritorial acts . . . .") (citing *Merial*, 681 F.3d at 1302–03). In other words, *Enplas* confirmed that *Merial* remains controlling law for inducement based on extraterritorial acts. Thus, this Court is bound by *Enplas*, as Magistrate Judge Payne correctly concluded.

AUO also is wrong that the Federal Circuit's decision in *Brumfield v. IBG LLC*, 97 F.4th 854 (Fed. Cir. 2024) somehow overruled *Enplas* and *Merial*. As a threshold matter, only *en banc* decisions by the Federal Circuit can overturn its prior precedential decisions. *See Newell*

2

*Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988). *Brumfield* was not *en banc* and thus could not overrule *Enplas* and *Merial*. Further, as correctly noted by Magistrate Judge Payne, *Brumfield* and another Federal Circuit decision that discusses applicability of *RJR Nabisco*'s approach to extraterritoriality, *Syngenta Crop Protection, LLC v. Willowood, LLC*, 944 F.3d 1344 (Fed. Cir. 2019), do not concern § 271(b); rather, these panel decisions discuss extraterritoriality in connection with §§ 271(a), (f), (g), 281, and 284. Dkt. 34 at 2–3; *see also WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 415 (2018) (applying *RJR Nabisco* to §§ 271(f)(2) and 284—not § 271(b)). Thus, *Brumfield* has no bearing on the extraterritorial scope of § 271(b). *See generally* Dkt. 23 (Phenix's Response to AUO's Notice of Supplemental Authority).

Magistrate Judge Payne's Recommendation also is fully consistent with post-*RJR Nabisco* rulings from this District. *E.g.*, *Semcon IP Inc. v. Kyocera Corp.*, No. 2:18-CV-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex. May 3, 2019) ("A claim for indirect infringement has no territorial requirement.") (citing *Merial*, 681 F.3d at 1302–03). Other district courts around the country since *RJR Nabisco* agree that *Merial* remains the law and that § 271(b) applies to extraterritorial conduct. *E.g.*, *Crane Sec. Techs., Inc. v. Rolling Optics AB*, 337 F. Supp. 3d 48, 52–53 (D. Mass. Aug. 23, 2018); *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1023 (N.D. Cal. 2019); *MacNeil Auto. Prods. Ltd. v. Jinrong (SH) Auto. Accessory Dev. Co.*, No. C20-856 TSZ, 2021 WL 3674792, at *2 (W.D. Wash. Aug. 19, 2021).

AUO has failed to cite to a single case finding that *RJR Nabisco* precludes inducement claims under § 271(b) based on foreign activities that induce direct infringement in the United States. *See* Dkt. 39. Because there are none. Magistrate Judge Payne correctly found that *RJR Nabisco* did not overrule *Merial*, the leading Federal Circuit case on the extraterritorial application of § 271(b). Thus, the law remains as provided by the Federal Circuit in *Merial*:

3

> In short, where a foreign party, with the requisite knowledge and intent, employs extraterritorial means to actively induce acts of direct infringement that occur within the United States, such conduct is not categorically exempt from redress under § 271(b) . . . . We therefore reject the Appellants' overbroad contention that acts outside of the United States cannot violate any provision of § 271.

*Id*. at 1302–03 (internal citation omitted).

### B.  Phenix's Complaint Sufficiently Pleads Causes of Action for Inducement.

Phenix has alleged more than sufficient facts in its Complaint to state a claim for relief for each inducement claim against AUO. *See* Dkt. 1. Specifically, Phenix has alleged that AUO possessed the requisite knowledge and specific intent to induce others, such as Defendant Hisense Electronica Mexico, S.A. de C.V. ("Hisense Mexico"), to directly infringe the Asserted Patents in the United States. *See* Dkt. 1 ¶¶ 50–60, 70–80.[2] Indeed, AUO knowingly and actively supplied and continues to supply infringing LCD panels to manufacturers, like Defendant Hisense Mexico, in violation of § 271(b). Hisense Mexico and others in turn incorporate the infringing AUO LCD panels into finished products, such as television sets, that are imported and sold in the United States in violation of § 271(a). *See, e.g.*, Dkt. 1 ¶¶ 5, 33, 34, 36, 37, 38, 44, 46, 47, 49, 51, 56, 60, 71, 76, 80.[3] Further, through its actions, AUO intentionally places products "into the stream of commerce via established distribution channels knowing or understanding that such products will be sold and used in the United States." *Id*. ¶ 8; *see also* ¶¶ 17, 48, 60, 80.[4]

Thus, Magistrate Judge Payne correctly applied the holdings in *Enplas* and *Merial* to the facts pled in Phenix's Complaint to find that Phenix has sufficiently alleged causes of action for inducement of infringement against AUO under § 271(b) based on extraterritorial acts that induce direct infringement in the United States.

### C.  *RJR Nabisco* Does Not Exempt AUO's Inducement of Infringement.

---

[2] The corresponding paragraphs in the FAC (Dkt. 36) are ¶¶ 63–73 and 84–94.
[3] The corresponding paragraphs in the FAC (Dkt. 36) are ¶¶ 5, 31–32, 34–36, 48, 51, 54, 64, 69, 73, 85, 90, and 94.
[4] The corresponding paragraphs in the FAC (Dkt. 36) are ¶¶ 9, 18, 54, 73, and 94.

Magistrate Judge Payne correctly found that the Federal Circuit has not applied *RJR Nabisco*'s approach to § 271(b) and correctly declined to deviate from Federal Circuit precedent in this case. Dkt. 34 at 2–3. AUO in its Objection reiterates its position that *RJR Nabisco*'s two-step framework should be applied here. Dkt. 39 at 3–4. AUO is wrong, as there is no authority supporting application of the *RJR Nabisco* framework to inducement.

However, even if *RJR Nabisco*'s two-step framework were applied, AUO's motion to dismiss must still be denied. *See generally* Dkt. 14 at 6–11 (Phenix's Opposition to AUO's Motion to Dismiss). Such application would fail at *RJR Nabisco* step one, where the court asks whether the statute is clearly and affirmatively extraterritorial. *See id.* at 8–9. It is. Reading § 271(b) together with § 271(a), the statute's prohibition against inducement of direct infringement in the United States—regardless of whether the inducing conduct originates at home or abroad—is clear and affirmative. *See id.* at 9; *see also Enplas*, 909 F.3d at 408. Such application also fails at *RJR Nabisco* step two, where the court asks whether "the case involves a domestic application of the statute" by looking to whether "conduct relevant to the statute's focus occurred in the United States." Dkt. 14 at 9 (quoting *RJR Nabisco*, 579 U.S. at 337). Here, the focus undoubtedly is conduct that occurs in the United States because inducement requires direct infringement *in the United States* by another. *See id.* at 9–11; *see also* §§ 271(a)–(b). Thus, even if it were applied, *RJR Nabisco* would not exempt AUO from its inducement of direct infringement in the U.S.

Magistrate Judge Payne's Recommendation correctly found that Phenix sufficiently pled inducement claims against AUO based on extraterritorial acts that induce direct infringement in the United States, under controlling Federal Circuit precedent. Thus, AUO's Objections to the Recommendation should be overruled, and the Recommendation should be adopted.

| | |
|---|---|
| Date: September 9, 2024 | Respectfully submitted, |
| | *By: /s/ Eric H. Findlay* |
| | Eric H. Findlay \* <br> Texas Bar No.: 00789886 <br> **FINDLAY CRAFT** <br> 7270 Crosswater Avenue, Suite B <br> Tyler, Texas 75703 <br> T: 903-534-1100 <br> Email: efindlay@findlaycraft.com |
| | Fabio E. Marino (Lead Attorney)\* <br> California Bar No.: 183825 <br> **WOMBLE BOND DICKINSON (US) LLP** <br> 1279 Oakmead Parkway <br> Sunnyvale, CA 94085 <br> T: 408-720-3436 <br> Email: Fabio.Marino@wbd-us.com |
| | Steven M. Levitan \* <br> California Bar No.: 148716 <br> **WOMBLE BOND DICKINSON (US) LLP** <br> 50 California Street, Ste. 2750 <br> San Francisco, CA 94111 <br> T: 408-341-3045 <br> Email: Steve.Levitan@wbd-us.com |
| | Rodney Miller \* <br> Texas Bar No.: 24070280 <br> Kate Johnson \*\* <br> Georgia Bar No.: 110551 <br> **WOMBLE BOND DICKINSON (US) LLP** <br> 1331 Spring Street, NW, Ste. 1400 <br> Atlanta, GA 30309 <br> T: 404-879-2435 <br> Email: Rodney.Miller@wbd-us.com <br> Email: Kate.Johnson@wbd-us.com |
| \*Admitted to the Eastern District of Texas <br> \*\*Admitted Pro Hac Vice | ***ATTORNEYS FOR PLAINTIFF*** <br> ***PHENIX LONGHORN LLC*** |

## CERTIFICATE OF SERVICE

    I hereby certify that on September 9, 2024, I electrically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                 */s/ Eric H. Findlay*
                                                 Eric H. Findlay