IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHENIX LONGHORN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-477-RWS-RSP |
| | § | |
| AU OPTRONICS CORPORATION and | § | |
| HISENSE ELECTRONICA MEXICO, | § | |
| S.A. de C.V., et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Defendant AU Optronics Corporation's Motion to Dismiss Under FRCP 12(B)(6). Docket No. 12. The above-captioned action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge entered a Report and Recommendation which recommended denying the motion. Docket No. 34. Defendant AU Optronics Corporation ("AUO") filed objections to the Report (Docket No. 39) and Plaintiff Phenix Longhorn, LLC filed a response (Docket No. 45).

## BACKGROUND

The Court briefly recounts the procedural history of this matter. AUO filed the present motion to dismiss under Rule 12(b)(6). Docket No. 12. After the briefing was complete (Docket Nos. 14, 18, 22, 23), the Magistrate Judge issued a Report and Recommendation recommending denial of the motion. Docket No. 34. Plaintiff then filed its First Amended Complaint ("FAC"). Docket No. 36. AUO then objected to the Report. Docket No. 39. Plaintiff filed a response to the objections. Docket No. 45. Then, based on the understanding that the FAC mooted the previous motion to dismiss, AUO filed a renewed motion to dismiss. Docket No. 44. However, the parties

later filed a stipulation stating that "Phenix and AUO agree that the Court's decision as to whether to adopt or alter the R&R's recommendation will apply to the FAC to the same extent as it would have applied to the Original Complaint." Docket No. 48 at 3. Thereafter, the Court accepted that stipulation. Docket No. 52. Plaintiff has since filed additional amended complaints. Docket No. 53 (Second Amended Complaint); Docket No. 83 (Third Amended Complaint); Docket No. 123 (Fourth Amended Complaint); Docket No. 125 (Fifth Amended Complaint). The parties have also filed additional stipulations after each amended complaint agreeing that the briefing regarding the original motion to dismiss will apply to the subsequent complaints. Docket No. 59 (regarding SAC); Docket No. 88 (regarding TAC); Docket No. 124 (regarding Fourth Amended Complaint); Docket No. 126 (regarding Fifth Amended Complaint). The Court now addresses AUO's objections to the Report & Recommendation and, as agreed to by the Parties, this Order will apply to the now operative Fifth Amended Complaint.

## DISCUSSION

The Magistrate Judge recommended denying AUO's motion to dismiss under Rule 12(b)(6) based on the finding that "the complaint sufficiently states a facially plausible cause of action for induced infringement based on extraterritorial acts that induce direct infringement in the United States." Docket No. 34 at 3 (citing *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 408 (Fed. Cir. 2018)). The Magistrate Judge rejected AUO's argument that the Supreme Court's decision in *RJR Nabisco* overruled the Federal Circuit's decision in *Merial*. Docket No. 34 at 2–3; *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325 (2016); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012). In *Merial*, the Federal Circuit held that "Section 271(b) . . . does not . . . foreclose liability for extraterritorial acts that actively induce an act of direct infringement that occurs within the United States." 681 F.3d at 1302. The Magistrate Judge

reasoned that the Federal Circuit has explicitly applied *RJR Nabisco* to other patent statutes but has not applied it to Section 271(b), thus Federal Circuit jurisprudence has not adopted AUO's reading of *RJR Nabsico*. Docket No. 34 at 3; *Enplas*, 909 F.3d at 408 (citing *Merial*, 681 F.3d at 1302–03) ("[L]iability for induced infringement under § 271(b) can be imposed based on extraterritorial acts, provided that the patentee proves the defendant possessed the requisite knowledge and specific intent to induce direct infringement in the United States."); *Brumfield, v. IBG LLC*, 97 F.4th 854, 871–75 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1922 (2025) (discussing *RJR Nabisco*'s applicability to §§ 271(a), (f), 281, and 284).

Defendant AUO now objects to the Magistrate Judge's R&R and urges the Court to apply the *RJR Nabisco* framework to Section 271(b). First, AUO argues that the *RJR Nabisco* framework applies to Section 271(b) because the Supreme Court broad articulated "a two-step framework for analyzing extraterritoriality issues." Docket No. 39 at 4 (quoting *RJR Nabisco*, 579 U.S. at 337). In support, AUO cites to several Federal Circuit (and one Supreme Court) decisions applying the framework to other patent statutes. *Id.* (citing *Syngenta Crop Prot., LLC v. Willowood, LLC*, 944 F.3d 1344 (Fed. Cir. 2019); *Brumfield*, 97 F.4th 854; *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 415 (2018)).

Next, AUO argues that *Enplas* does not foreclose this Court from applying the *RJR Nabsico* framework to Section 271(b). *Id.* Specifically, AUO argues that the *Enplas* decision merely cited pre-*RJR Nabisco* case law and did not analyze the issue specifically. *Id.*; 909 F.3d at 408. Thus, relying on the Federal Circuit's decision in *Boeing*, AUO argues that a district court is not prevented from applying *RJR Nabisco* to Section 271(b). *Id.* at 5 (citing *Boeing N. Am., Inc. v.*

Page 3 of 5

*Roche*, 298 F.3d 1274, 1282 (Fed. Cir. 2002).[1] AUO then argues that *Brumfield* directs the Court to apply *RJR Nabisco* to Section 271(b). *Id*. (citing 97 F.4th at 875).

After a careful *de novo* review of the relevant caselaw, the Court agrees with the Magistrate Judge that *Enplas* controls here and thus the motion to dismiss should be denied. In *Enplas*, decided after *RJR Nabisco*, the Federal Circuit said "[u]nlike direct infringement under 35 U.S.C. § 271(a), which must occur in the United States, liability for induced infringement under § 271(b) can be imposed based on extraterritorial acts, provided that the patentee proves the defendant possessed the requisite knowledge and specific intent to induce direct infringement in the United States." 909 F.3d at 408. AUO's reliance on *Boeing* for the proposition that the Court can disregard appellate precedent is wholly misplaced. *Enplas* specifically compared the standard for direct infringement under § 271(a) to induced infringement under § 271(b), and thus at the very least "discussed" the issue. *Id.*; *Boeing*, 298 F.3d at 1282. Moreover, *Boeing* involved the question whether the Federal Circuit was bound by its own prior decisions—not whether district courts were so bound—and thus it did not discuss the issue that AUO relies on it for. 298 F.3d at 1282.

None of the other authority relied on by AUO compels a contrary result. All AUO has shown is that the Federal Circuit has taken up different sections of the statute individually and that decisions about one section do not decide the issue for others. *Brumfield*, 97 F.4th 854; *Syngenta*, 944 F.3d 1344. AUO has cited no case where a court has applied *RJR Nabisco* to preclude inducement claims in the way AUO suggests. This Court declines to do so.

---

[1] AUO suggests that *Boeing* stands for the proposition that "courts are not bound by an appellate opinion where an 'issue was neither argued nor discussed in [the] opinion.' " Docket No. 39 at 5 (quoting *Boeing*, 298 F.3d at 1282) (addition added by AUO).

Page 4 of 5

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which AUO objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and AUO's objections are without merit. Accordingly, it is

**ORDERED** that AUO's objections (Docket No. 39) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 34) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that AUO's motion to dismiss (Docket No. 12) is **DENIED.**

**So ORDERED and SIGNED this 18th day of September, 2025.**

*[Signature: Robert W. Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE