## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PHENIX LONGHORN LLC,           §
                               §
        *Plaintiff*,           §
                               §
v.                             §
                               §
AU OPTRONICS CORPORATION,      §        CASE NO. 2:23-CV-00477-RWS-RSP
HISENSE ELECTRONICA MEXICO,    §
S.A. DE C.V., HISENSE USA      §
CORPORATION, HISENSE VISUAL    §
TECHNOLOGY CO., LTD., *and*    §
DOES 1–10,                     §
                               §
        *Defendants*.          §

### ORDER ON MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned case on December 16, 2025, and addressed the motions *in limine* filed by Plaintiff Phenix Longhorn LLC, (Dkt. No. 338) and Defendants AU Optronics Corporation, Hisense Electronics Mexico S.A. De C.V., Hisense USA Corporation, and Hisense Visual Technology Co., Ltd. (collectively, "Defendants"), (Dkt. No. 339). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

### A.  Plaintiff's Motions *in Limine* (Dkt. No. 338)

1. **Plaintiff's MIL No. 1**: Excluding AUO's Improper Rule 16(a)(2)(C) Testimony.

This motion *in limine* is **CARRIED** in connection with the motion to strike Messrs. Chen and Syong, Dkt. No. 258. The Court will consider the briefing on this motion *in limine* with respect to that motion to strike to ensure that issues and witnesses, including Ms. Tang, are not overlooked.

2. **<u>Plaintiff's MIL No. 2</u>**: Excluding Screenshot Values and "Hex" Files as Hearsay.

This motion *in limine* is **DENIED**. The question of whether the hex files will be admissible will be taken up with the exhibits. The Court sees no justification for a blanket exclusion of the hex files as this point.

3. **<u>Plaintiff's MIL No. 3</u>**: Excluding Any "Practicing the Prior Art" Defense.

This motion *in limine* is **AGREED** in accordance with the Joint Notice, filed at Dkt. No. 377, such that Defendants may not present evidence or arguments relating to any practicing the prior art defense.

4. **<u>Plaintiff's MIL No. 4</u>**: Excluding Evidence of Defendants' Own Patents.

After further consideration of the briefing on the motion *in limine* and the record, it is **GRANTED** to the extent that the Defendants are barred from referring to the scope and coverage of any of AUO's patents, beyond referencing the fact that Defendants have numerous patents in this general technical field. Because Defendants concede that they have no expert testimony that the accused products practice any particular patents of Defendants, and because the lay witnesses are not competent to provide that testimony, Defendants' own patents are not relevant to damages or to willfulness. Defendants can tell their independent development story without referencing patents that are not shown to be contributing to its accused products. Furthermore, any probative value such patents may have is far outweighed by the likelihood of jury confusion as to whether such patents are a defense to infringement, which they are not as a matter of law.

5. **<u>Plaintiff's MIL No. 5</u>**: Excluding Evidence Regarding Alleged Inequitable Conduct.

This motion *in limine* is **GRANTED** to the extent that anything relevant *only* to equitable issues cannot be presented to the jury.

**Plaintiff's MIL No. 6**: Patent Valuations at, or Contemporaneous to, the Bankruptcy Proceeding.

This motion *in limine* is **GRANTED** as to the $0 bankruptcy valuation. Bankruptcy valuations are completed under an entirely different legal regime, and the way debtors create their schedules of assets and value them is completely distinct from the patent context, which makes it unduly prejudicial and irrelevant. The motion *in limine*, however, is **DENIED** with respect to Mr. Orlando's email. This ruling does not prevent any other discussion of the valuation of the patents.

### B.    Defendants' Motions *in Limine* (Dkt. Nos. 339)

1. **Defendants' MIL No. 1**: To Exclude Evidence, Testimony, or Argument Concerning Any Party's Overall Financial Size, Wealth or Executive Compensation.

This motion *in limine* is **GRANTED**. as to overall or total sales, revenues, or profits, as well as executive compensation and wealth. Per Plaintiff's request for clarification, Mr. Blok's analysis of *Georgia Pacific* Factor No. 5 (the commercial relationship between the parties) should not involve relief from this MIL.

2. **Defendants' MIL No. 2**: To Exclude Evidence, Testimony, or Argument Suggesting the Opposing Party Failed to Call a Witness or Make Mention or Statement of Probable Testimony of a Witness Who is Absent, Unavailable, or Will Not Be Called.

This motion *in limine* is **GRANTED in part**, such that does neither party may argue that the other should have called a particular witness, and that would include questioning of witnesses as to why they did not call a particular witness; it would also prevent any argument about what the probable testimony of an absent witness would have been.  It does not prevent a party from arguing that the other has failed to prove any fact or to rebut any particular evidence that the other has produced.  The motion is otherwise **DENIED**.

3. **Defendants' MIL No. 3**: To Exclude Evidence, Testimony, or Argument Referencing AUO's Inability to Obtain Discovery from its Vendors or Suppliers.

This motion *in limine* is **DENIED** to the extent that it seeks to prevent the Plaintiff from asking what information the Defendants have from their suppliers or anyone else. But it is **GRANTED** as to questions about why the Defendants do not have more, and what they did in an effort to obtain more information, since those matters are bound up in the Court's discovery rulings.

4. **Defendants' MIL No. 4**: To Exclude Evidence, Testimony, or Argument that AUO Has Control Over its Downstream Customers, Including Technical or Business Decisions About Importation.

This motion *in limine* is **WITHDRAWN** by Defendants.

5. **Defendants' MIL No. 5**: To Exclude Evidence, Testimony, or Argument Related to Plaintiff's Request or Inability to Conduct an In-Person Inspection of AUO's Gamma Adjustment Process and Equipment, Including Any Suggestion Plaintiff Has Been Deprived of Discovery or that AUO Is Hiding Evidence of Wrongdoing.

This motion *in limine* is **GRANTED** to the extent that it prevents arguments or evidence about Mr. McAlexander's ability to conduct an in-person inspection, including that Defendants are hiding evidence or have prevented an in-person inspection. This ruling should not be interpreted to prevent Mr. McAlexander from testifying about what he did or did not see in the virtual inspection he conducted of AUO's gamma adjustment process and equipment; the line is drawn such that he is not allowed to testify, and Plaintiff is not allowed to suggest, that he was not allowed to see it.  To the extent that such issues were timely raised, the Court has found that Defendants did not obstruct any inspection of the premises.

6. **<u>Defendants' MIL No. 6</u>**: To Exclude Evidence, Testimony, or Argument Related to the iML License.

This motion *in limine* was **WITHDRAWN** by Defendants.

7. **<u>Defendants' MIL No. 7</u>**: To Exclude Evidence, Testimony, or Argument Referencing AUO's Indemnification of Hisense Visual.

This motion *in limine* is **GRANTED** to the extent that Plaintiff is barred from introducing the fact that an indemnification agreement exists and that AUO generally does not provide its customers with such agreements.  The potential unfair prejudice far outweighs any possible relevance.

8. **<u>Defendants' MIL No. 8</u>**: To Exclude Evidence, Testimony, or Argument Concerning the PTAB, *Inter Partes* Review, the Smith Leahy America Invents Act, or Any Alternate Structure that Does Not Relate Directly to an Article III District Court Trial.

This motion *in limine* is **GRANTED** to the extent that Plaintiff is prevented from referring to the PTAB proceedings in any way. Defendant is also barred from suggesting to the jury that the prior art at issue in the IPR was never presented to the PTO because it was not listed in the patent application.

9. **<u>Defendants' MIL No. 9</u>**: To Exclude Evidence, Testimony, or Argument Suggesting that AUO's "TCON-less" Products (or Any Other Unaccused Products) Infringe, Including Suggestions That AUO's Gamma Adjustment Process is Performed on Such Products.

This motion *in limine* was **WITHDRAWN** by Defendants based on Plaintiff's representation that they will not go into such unaccused products.

10. **<u>Defendants' MIL No. 10</u>**: To Exclude Evidence, Testimony, or Argument Referring to Either Party's Other Litigations or Arbitrations, Including Parallel Proceedings in Any Other

Court, Tribunal, or Forum, Including ADR Proceedings, with the Exception of License or Settlement Agreements Relating to the Party's Other Litigations.

This motion *in limine* is **GRANTED**. It does not prevent the reference to settlement licenses that have been identified by the experts, nor does it prevent details necessary to show the comparability of any such license.

**SIGNED this 18th day of December, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE