# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PHENIX LONGHORN LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AU OPTRONICS CORPORATION, § <br> HISENSE ELECTRONICA MEXICO, § <br> S.A. DE C.V., HISENSE USA § <br> CORPORATION, HISENSE VISUAL § <br> TECHNOLOGY CO., LTD., *and* § <br> DOES 1–10, § <br> § <br> *Defendants*. § | CASE NO. 2:23-CV-00477-RWS-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant AUO Corporation's Opposed Motion to Strike Plaintiff Phenix's Second Amended Infringement Contentions. **Dkt. No. 205**. The motion is fully briefed. *See* Dkt. Nos. 215, 224, 235. AUO argues that Phenix's Second Amended Infringement Contentions ("SAIC") should be stricken as untimely. *See* Dkt. No. 205 at 1. Having considered the briefing, for the reasons that follow, the Court finds that the Motion should be denied.

Local Patent Rule 3-6 provides that leave is not required "if a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires [amending infringement contentions] not later than 30 days after service by the Court of its Claim Construction Ruling." Local Pat. R. 3-6(a)(1). However, leave is otherwise required to amend infringement contentions, and "shall be entered only upon a showing of good cause." *Id.* 3-6(b).

Here, the deadline for serving contentions was November 8, 2024. *See* Dkt. No. 67 at 5. The Parties were given until May 22, 2025, to amend. *See id.* at 4. The deadline to complete fact discovery was September 30, 2025. *See* Dkt. No. 132 at 3. And the Claim Construction Order was docketed by the Court on August 18, 2025. *See* Dkt. No. 176. Notably, Phenix served its SAIC on September 17, 2025. *See* Dkt. No. 205 at 1. This is within one month of the entry of the Claim Construction Order. Thus, so long as Phenix "believe[d] in good faith that the Court's Claim Construction Ruling so required" amending its contentions, the amendment is proper.

"Amendment under P.R. 3-6(a)(1) must be in response to an 'unexpected or unforeseeable' claim construction ruling by the Court." *See Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-cv-182, 2018 WL 11182156, at *4 (E.D. Tex. July 2, 2018); *see also, e.g.*, *Azure Networks, LLC v. CSR PLC*, No. 6:11-cv-139, 2012 WL 12919538, at *2 (E.D. Tex. Dec. 4, 2012); *see also Cell & Network Selection LLC v. AT&T*, No. 6:13-cv-403, 2014 WL 10727108, at *2 (E.D. Tex. Nov. 10, 2014) ("P.R. 3-6(a)(1) allows a party alleging patent infringement to amend its contentions in light of an unexpected claim construction by the Court.") (quoting *VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-cv-417, 2012 WL 12546881, at *3 (E.D. Tex. Oct. 22, 2012)); *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-cv-132, 2012 WL 4051823, at *1.

Whether the Court's claim construction was foreseeable is "determined from the time of the claim construction briefing, rather than the time the original infringement contentions are served." *Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 WL 1695231, at *7 (E.D. Tex. Apr. 6, 2018). Amendment is not permitted as a matter of course. *Sycamore*, 2018 WL

2

1695231 at *6 ("[T]he court's adoption of an opposing party's [] construction is not sufficient to support the movant's claim that it was surprised[.]") (internal citations omitted); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) ("This exception is intended to allow a party to respond to an unexpected [] construction[.] This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties.").

AUO complains about "at least the following new infringement theories: [1] An infringement theory based on 35 U.S.C. § 271(g) for the '788 patent; . . . [2] Modified how the accused products allegedly include a 'damping circuit' as required by a construction the parties agreed to in the Joint Claim Construction Statement; . . . [3] An allegation that a predetermined gamma reference voltage signal display condition can be data that is all NIL or 0; . . . [4] What constitutes the 'means for executing a predetermined algorithm;' . . . [5] How AUO optimizes gamma reference voltage levels." Dkt. No. 205 at 4. AUO argues that the Court's constructions were foreseeable and expected, and the amendments cannot be traced to those constructions, so the Court should strike Phenix's SAIC. *See* Dkt. No. 205 at 5–11.

Specifically, according to AUO, the Court only differed from Phenix's proposed constructions for three terms, which were each foreseeable, as detailed in the following: (1) the Court construed "bank(s)," from the '305 Patent, as "contiguous sections of addressable computer memory," which was foreseeable because it was borrowed from an IPR that Phenix was aware of; (2) the Court construed "gamma reference control capability," from

3

the '788 Patent, as "control interface configured to program, and output, gamma reference voltage levels," which was foreseeable because it was essentially the construction proposed by AUO; (3) the Court construed "means for executing a predetermined algorithm," from the '788 Patent, as a means-plus-function term with function of "executing a predetermined algorithm according to a predetermined criteria and data sensed by said at least one sensor," and corresponding structure of "programming interface disclosed in the '788 Patent configured to perform the algorithms disclosed in the '788 Patent at 3:16–30, 6:1–31, and 6:65–7:10, and equivalents thereof," which was predictable because it was similar to the programming method Phenix identified in its opening claim construction briefing. *Id.* at 5–7.

Phenix identifies these very same constructions as unforeseeable. *See* Dkt. No. 215 at 3–5. Phenix argues that (1) the "bank(s)" construction was unforeseeable at the time of the parties' claim construction briefing, (2) the Court's construction of "gamma reference control capability" was unexpected because it introduced a new "control interface" element in neither of the Parties' briefings, and (3) the "means for executing" construction was unforeseeable because it was different from Phenix's proposed construction. *See id.*

The Court disagrees with Phenix that these constructions were unforeseeable. The PTAB's construction of the first term, "bank(s)," occurred on January 24, 2019, and Phenix was a party to that action. *See* IPR2018-01255, Paper No. 14, at 42. Claim construction briefing began on May 8, 2025. *See* Dkt. No. 120. Thus, at the time of claim construction briefing, this first construction was foreseeable. With respect to the second departing construction, AUO points out in its responsive brief that Phenix itself stated in its opening

4

claim construction brief that "[t]he specification further teaches that 'gamma reference controllers' comprise [*inter alia*] a *programming interface*." See Dkt. No. 224 at 2–3. Not so unforeseeable, after all. Finally, with respect to the means-plus-function construction, that it was different from Phenix's own proposed construction is not reason, by itself, supporting non-foreseeability. *See, e.g.*, *Sycamore*, 2018 WL 1695231 at *6. Phenix does not explain how the Court's construction is different, apart from the cited portions of the specification. Phenix also does not explain how its amendments are linked to these allegedly unforeseeable constructions. And notably, as well, Phenix abandons in its Sur-Reply contesting that its constructions were unforeseeable at all. *See* Dkt. No. 235 at 1–5. Accordingly, the Court finds that Phenix is unable to avail itself of Rule 3-6(a). Phenix falls back on its argument that it had good cause to amend under Rule 3-6(b). *See id.*; Dkt. No. 215 at 5–13.

The Court therefore must now consider whether good cause exists for Phenix's SAIC. There are four factors that govern such inquiries. *See Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017) (Bryson, J.). Namely, the Court considers (1) the offending party's explanation for the untimeliness; (2) the importance of the amendment or evidence that might be excluded; (3) the potential prejudice to the movant; and (4) the availability of a continuance to cure any prejudice. *See United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)); *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

As to explanation, Phenix argues that it was diligent in amending because it filed within thirty days of the Court's filing of its Claim Construction Order, and similarly, that it did not learn what documents produced by AUO applied to the accused instrumentalities until deposing AUO's corporate representatives. *See* Dkt. No. 215 at 6–7. However, as AUO shows, many of the documents identify to which products they apply. *See* Dkt. No. 224 at 4–5. Phenix has not shown otherwise. And, as evidenced from the deposition questions, Phenix's counsel showed a good grasp on how the documents applied leading into those depositions. *See* Dkt. Nos. 215-6, 215-7. Accordingly, this factor weighs against allowing amendment.

As to importance, Phenix argues that they "contain the supplementation of Phenix's pre-ligation evidence of infringement for the documents and testimony provided by AUO during discovery." Dkt. No. 215 at 7–8. AUO argues, in response, that this factor is undermined by Phenix's lack of diligence. *See* Dkt. No. 224 at 5 (citations omitted). Because the Court does not agree with AUO, this factor weighs in favor of allowing amendment.

As to prejudice, AUO argues that allowing the SAIC would be highly prejudicial, given that Phenix adds at least five new theories of infringement, which are allegedly "unmoored" from its initial contentions and the Court's claim constructions. *See* Dkt. No. 205 at 13–14. Phenix vehemently opposes AUO's viewpoint, arguing that there is no prejudice because its original infringement contentions disclosed each theory, which the SAIC is consistent with, merely linking newly disclosed evidence and claim constructions with its original theories, and its amendments should therefore "come as [no] surprise to AUO." *See* Dkt. No. 215 at 9–13. Notably, AUO does not contest this argument in its reply,

6

but shifts to an argument that "Phenix's delayed requesting leave to amend until late in the proceedings[] result[ed] in briefing that will not be completed until the case is well advanced." See Dkt. No. 224 at 5. However, Phenix's argument in response is persuasive: AUO has not shown any additional discovery that needs to be undertaken, nor any need for continuance with this alleged prejudice. See Dkt. No. 215 at 8–12; Dkt. No. 235 at 4–5. Accordingly, this factor does not weigh against amendment.

As to the final factor about the availability of a continuance to cure such prejudice, the Court notes that this case is now just a week before commencing trial, and a continuance is therefore not available. However, because of the minimal prejudice, this factor similarly does not weigh against amendment.

On balance, because of the sufficient good cause Phenix has shown and the minimal prejudice that AUO has argued, these factors weigh in favor of allowing Phenix to amend its infringement contentions, and therefore against striking its SAIC. Accordingly, the Court finds that AUO's Motion to Strike should be and hereby is **DENIED**, and Plaintiff is given leave to amend its infringement contentions such that its SAIC is now operative.

**SIGNED this 12th day of January, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE