IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHENIX LONGHORN, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:23-CV-477-RWS-RSP |
| § | |
| AU OPTRONICS CORPORATION and § | |
| HISENSE ELECTRONICA MEXICO, § | |
| S.A. de C.V., et al., § | |
| § | |
| Defendants. § | |

**ORDER**

The above-captioned action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). Now before the Court is Plaintiff Phenix Longhorn, LLC's (1) Objections to the Report and Recommendation Granting-in-Part the Hisense '788 MSJ (Docket No. 253) and Granting-in-Part the AUO Willfulness MSJ (Docket No. 250); (2) Motion for Partial Reconsideration of Docket No. 413, Report and Recommendation; and (3) Motion for Continuance. Docket Nos. 418–420.

**BACKGROUND**

On November 12, 2025, Defendant AU Optronics Corporation filed a Motion for Summary Judgment of No Pre-Suit Damages Under 35 U.S.C. §§ 271(b), (c), and (g) and No Willful Infringement ("AUO Willfulness MSJ"). Docket No. 250. The motion is fully briefed. Docket Nos. 295, 334, 355. The Magistrate Judge entered a Report and Recommendation ("R&R") granting summary judgment in part and dismissing, *inter alia*, (1) any claims against AUO of contributory or induced infringement of either the '305 or '788 Patents before the lawsuit was filed

on October 10, 2023 (Docket No. 413 at 15); and (2) any claims against AUO of pre-suit willful infringement of the '788 or '305 Patents (Docket No. 413 at 20).

On January 9, 2026, Phenix filed objections to the Magistrate Judge's Report (Docket No. 418), a motion for reconsideration that is largely identical to the objections (Docket No. 419), and a motion for continuance to allow time for the Court and the parties to resolve issues raised by the Court's Report (Docket No. 420). Phenix's objections are limited to the Magistrate Judge's rulings on the AUO Willfulness MSJ and specific only to Phenix's claims of pre-suit indirect and willful infringement against AUO. *See* Docket No. 418. Because the arguments in Phenix's objections and motion for reconsideration are largely identical, the Court will consider them together.

## LEGAL STANDARDS

For a patentee to maintain its claims for contributory, induced, and willful infringement, it must show that the accused infringer had knowledge of its infringement. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769, (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement [under § 271(c)] requires knowledge of the patent in suit and knowledge of patent infringement."); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."); *see Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024). Knowledge of infringement can be inferred from circumstantial evidence. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016).

## ANALYSIS

I. **Objections and Motion for Reconsideration**

In its objections and its motion for reconsideration, Phenix argues that the Magistrate Judge made "a mistake of law that must be rectified"—he "erroneously adopted a new and unprecedented requirement that Phenix provide notice of infringement to AUO in order to show intent for either willfulness or indirect infringement." Docket No. 418 at 1; *see* Docket No. 419.

The Magistrate Judge did no such thing. Nowhere in his Report did he suggest that affirmative notice of infringement is necessary to satisfy the knowledge requirement for indirect and willful infringement. Phenix argues that the Magistrate Judge relies on certain facts which show that Phenix provided no affirmative notice. Docket No. 418 at 2. But Phenix is wrong to twist the Magistrate Judge's summary of the facts into a purported misstatement of the law. *See* Docket No. 418 at 2 (citing Docket No. 413 at 14); Docket No. 413 at 14 (merely recounting testimony from Mr. Orlando that neither Phenix nor Alta ever sent a demand letter or infringement letter, and restating AUO's RFA response that it was not accused of infringing the '305 Patent in a June 2009 email nor was it ever accused of infringement until the lawsuit was filed).

The Magistrate Judge also did not "replace[] the requirement that a defendant had 'knowledge of infringement' **based on circumstantial evidence** . . . with one that the patentee must affirmatively notify the accused infringer of its infringement." Docket No. 418 at 2 (emphasis added). If anything, the Magistrate Judge did consider the circumstantial evidence presented. It just so happens that all of the circumstantial evidence Phenix presented as showing AUO's knowledge of infringement primarily involves knowledge of the asserted patents. *See, e.g.*, Docket No. 418 at 5 (listing the circumstantial evidence as: "AUO's receipt of presentations describing the **Asserted Patents** and identifying infringing products[]; AUO's collaboration with Alta in developing a pgamma integrated circuit; Alta's demonstrations of products embodying the

**patented technology**; and AUO's acknowledgment and receipt of datasheets marked with the **Asserted Patents**." (emphasis added)). Indeed, Phenix does not point out *any* piece of circumstantial evidence in its objections that the Magistrate Judge did not consider in his Report. *See* Docket No. 413 at 13–14 (referencing at least (1) Phenix's argument that AUO had knowledge of infringement via its development of Pgamma correction technology while seeking instruction and demonstration on how to perform the correction for its products from Alta and (2) an email listing the '305 Patent and a data sheet with a disclaimer for the '788 Patent).

The Magistrate Judge's treatment of *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398 (Fed. Cir. 2018), is also correct. He cited the case because of Phenix's heavy reliance on it to support its knowledge requirement. Docket No. 413 at 14 (citing Docket No. 295 at 12). He distinguished the case by noting that not only did the parties in *Enplas* have a prior business relationship jointly developing the product, but the plaintiff specifically "informed [Enplas] that the product it had manufactured, co-developed, and sold to [plaintiff] was covered by [plaintiff's] patents." *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd*, 909 F.3d at 404, 408. The plaintiff in *Enplas* also "presented evidence showing that [it] had sent Enplas a pre-suit letter, informing [Enplas] that [it] had found infringing lenses . . . [and] discussed the letter and its infringement position with Enplas." *Id.* Therefore, the Magistrate Judge was right to conclude that "this case counsels against Phenix's argument" because any evidence Phenix presented as allegedly showing AUO's knowledge of infringement was not at all comparable to what was in the *Enplas* case it cited.

The other cases that Phenix cites in its objections do not compel a different result. *See, e.g.*, Docket No. 418 at 4. In *Georgetown*, the Federal Circuit concluded there was substantial evidence that defendant believed it was infringing the patent to support the jury's finding of subjective

recklessness leading to willful infringement. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 (Fed. Cir. 2017). The evidence the jury heard supporting defendant's belief included "the parties' prior business dealings from which the jury could have inferred that Holland believed that it needed to acquire or license Georgetown's Aurora System to avoid infringement . . . and circumstantial evidence that Holland copied Georgetown's technology." *Id.* (internal citations and quotation marks omitted). More specifically, the evidence showed that Georgetown was a known competitor of Holland and were the only two competitors in their market, Holland knew the Aurora system was patented, the parties had discussed putting Georgetown's Aurora technology on Holland's vehicles, and that Georgetown had "disclosed to Holland the details of its Aurora system" under two non-disclosure agreements toward that end. *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366-RWS, 2016 WL 3346084, at *8, 13, 17 (E.D. Tex. June 16, 2016), *aff'd*, 867 F.3d 1229 (Fed. Cir. 2017). Here, there is no evidence that AUO and Alta closely collaborated to the same degree as the parties did in *Enplas* and *Georgetown* to warrant knowledge of infringement. And there is no evidence that AUO knew that Alta's products or the recommendations Mr. Orlando made practiced the asserted patents.

The same is true for *KAIST*. *See* Docket No. 418 at 4. In *KAIST*, another court in this district ruled there was substantial evidence to support that subjective recklessness led to willful infringement when the inventor of the asserted patent "had filed for a patent for his invention and . . . asked Samsung to take a license." *KAIST IP US LLC v. Samsung Elecs. Co.*, 439 F. Supp. 3d 860, 884–885 (E.D. Tex. 2020). There was evidence that Samsung was aware of this as early as 2002, 14 years before the case was filed. *Id.* at 884. Because Samsung was asked to take a license, the court concluded that there were "prior business dealings from which the jury could

have inferred that [Samsung] believed that it needed [a] license." *Id.* That same evidence of knowledge of infringement is missing here.

At the end of the day, Phenix never cites a case showing that the evidence it has presented constitutes knowledge of infringement. Notably, Phenix does not present any cases where knowledge of the asserted patents alone can serve as circumstantial evidence of knowledge of infringement. Nor could it. *See Commil*, 575 U.S. at 642 (concluding that more is required than just knowledge of the patents—"[i]t requires proof the defendant knew the acts were infringing."). The Court has reviewed the facts cited in Phenix's briefing to support AUO's knowledge of infringement, including those concerning the parties' previous business relationship. *See, e.g.*, Docket Nos. 295, 355, 418; *see also* Docket No. 250-5 at 14–23; Docket No. 295-3 at 7–8. Even viewed in the light most favorable to Phenix, the Court does not find any evidence, even circumstantial, specific to AUO's pre-suit knowledge of infringement.

For the above reasons, the Court hereby **OVERRULES** Phenix's objections (Docket No. 418) to the Magistrate Judge's R&R (Docket No. 413). Given that Phenix's arguments in its motion for reconsideration are largely identical and the Court does not find that the Magistrate Judge committed a manifest error of law, the Court hereby **DENIES** Phenix's motion for reconsideration (Docket No. 419).

## II.     Motion for Continuance

Phenix moves for a "brief continuance" of the January 16, 2026 trial setting in light of the Magistrate Judge's R&R (Docket No. 413). Docket No. 420 at 1. Phenix argues that a continuance is necessary to provide sufficient time to adjust for trial on the newly defined subset of claims. *Id.* at 3. It also raises concerns that the same case—but on pre-suit infringement—might have to be tried again. *Id.* at 2. Phenix's arguments are not persuasive—they raise potentialities that might

arise with any summary judgment motion that is granted. Therefore, Phenix's motion for a continuance is hereby **DENIED**.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Phenix objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Phenix's objections are without merit. Accordingly, it is

**ORDERED** that Phenix's objections (Docket No. 418) are **OVERRULED**. It is further

**ORDERED** that the portion of the Report and Recommendation of the Magistrate Judge (Docket No. 413) relevant to Phenix's objections is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Phenix's motion for reconsideration (Docket No. 419) is **DENIED**. It is further

**ORDERED** that Phenix's motion for a continuance (Docket No. 420) is **DENIED**.

**So ORDERED and SIGNED this 12th day of January, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE