IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHENIX LONGHORN, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:23-CV-00477-RWS-RSP |
| AU OPTRONICS CORPORATION ET AL, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Strike Portions of Defendant's Expert Reports of Dr. Alfred Ducharme. **Dkt. No. 260**. The motion is ripe, *see* Dkt. Nos. 297, 327, and 359. Plaintiff seeks to exclude portions of Dr. Ducharme's opening report that discuss invalidity, portions of Dr. Ducharme's rebuttal report that discuss infringement, and the entirety of Dr. Ducharme's supplemental rebuttal report that discusses infringement of U.S. Patent No. 7,233,305 ("the '305 Patent") and U.S. Patent No. 7,557,788 ("the '788 Patent"), because his analyses of those items are allegedly unreliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See* Dkt. No. 193 at 1. For the reasons set forth below, the Motion is **DENIED** in its entirety.

I.     **LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires trial courts to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert*, 509 U.S. at 592–93 (1993). Such courts are given broad discretion in making Rule 702 admissibility determinations. *Kumho Tire*, 526 U.S. at 152 ("[A] judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert's testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury to consider. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'The trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits" (quoting an Advisory Committee Note to Fed. R. Evid. 702)). As the Supreme Court explained, "[v]igorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

## II. DISCUSSION

### A. Dr. Ducharme's Invalidity Report

#### 1. *Nakata Priority Date*

In the Motion to Strike, Plaintiff argues that Dr. Ducharme's Invalidity Report improperly relies on non-prior art. Dkt. No. 260 at 2. Dr. Ducharme's report claims a November 7, 2003 effective filing date for the prior art at issue, U.S. Patent Pub. No. 2004/0090409 ("Nakata"). Plaintiff argues that Dr. Ducharme's report improperly ignores plaintiff's claim that Nakata does not predate the '305 Patent, based on plaintiff's evidence that purports to establish an August 27, 2003 invention date for the '305 Patent. *Id.* Defendant argues that a "vigorous" factual dispute remains over whether Nakata is prior art, based on the diligence of the inventors in their reduction to practice of the '305 Patent.

Plaintiff filed a motion for summary judgment on this issue, on the same day as this Motion. *See* Dkt. No. 259. On January 5, 2026, this court recommended denial of summary judgment, because a genuine dispute of material fact remained over the inventors' diligence. Dkt. No. 416. For the same reasons, the Court cannot strike the Nakata portions Dr. Ducharme's Invalidity Report.

#### 2. *Kang, Nakata, and Liaw Prior Art Combinations*

In the Motion to Strike, Plaintiff contends that the following combinations were late disclosed: the Kang prior art with Tanaka, Yamaguchi, and PCA9455; the Nakata prior art with

Tsai, and PCA9544: and the Liaw prior art with Sung. Plaintiff states these were first disclosed in Dr. Ducharme's Invalidity Report, and not in Defendant's Invalidity Contentions. Dkt. No. 260 at 9. Plaintiff argues that this late disclosure is improper and prejudicial and thus violates Patent Rule 3-3(b). In their Response, Defendants admit that the alleged prior art combination (Kang with Tanaka, Yamaguchi, and PCA9455) was not charted until Dr. Ducharme's report. Dkt. No. 297 at 9. Defendants argue that because their Invalidity Contentions noted that a person of ordinary skill would be "motivated" to combine Kang with Tanaka, Yamaguchi, and PCA9455, Plaintiff received sufficient notice of this combination. Defendant supports this proposition with *Realtime Data, LLC v. Packeteer, Inc.*, where the court found Plaintiff received sufficient notice of a prior art combination first disclosed in a dispositive motion . 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009).

The Court finds persuasive Defendant's argument. In *Personalized Media Comms. v. Apple Inc.*, this Court found sufficient disclosure under Rule 3-3(b), when Apple provided element-by-element charts for the primary and secondary references, along with "targeted citations" between the secondary references, the primary references, and elements of the targeted claim. 2021 WL 310789 (E.D. Tex. Jan. 29, 2021). Under the facts of this case, where the prior art references are in the same field and were charted by Defendant to the '305 Patent, the Court finds that Plaintiff was on sufficient notice that Dr. Ducharme's Invalidity Report would combine these prior art references. For these reasons, the Court will not strike the Prior Art Combination portions of Dr. Ducharme's Invalidity Report.

### 3. Paragraphs 109-148

In the Motion to Strike, Plaintiff contends paragraphs 109-148 of Dr. Ducharme's report improperly rely on "unverified and unsubstantiated" documents. Dkt. No. 260 at 13. Plaintiff argues that because these documents were produced by Defendants, their introduction merely

circumvents the fact discovery process. Plaintiff seeks to strike this portion of Dr. Ducharme's Supplemental Report because the documents are improper additions to now-closed fact discovery. Defendants argue that these documents aided Dr. Ducharme to form his invalidity opinion, and that Defendants developed their own product. Dkt. No. 297 at 14.

The court is convinced that Paragraphs 109-148 of Dr. Ducharme's report are sufficiently reliable under Rule 702 and *Daubert* for admission. As a preliminary matter, the Court's role is not to wiegh the underlying evidence, but rather the reliability of the expert methodology proffered. The documents at issue *substantiate* rather than supplant Dr. Ducharme's opinion, and the Court is satisfied of their reliability and thus will not strike the requested 39 paragraphs.

### B. Dr. Ducharme's Rebuttal Report

#### 1. Screenshots

Plaintiff next argues that Dr. Ducharme's Rebuttal Report improperly relies on unverified screenshots from Defendant's software, and "hex" files "associated with" the accused circuits. Dkt. No. 260 at 6. Plaintiff contends that Dr. Ducharme's Report attempts to use the screenshots to link the "hex" files to the accused products, rendering it an unreliable source. In the Reply, Plaintiff contends that these screenshots are inadmissible hearsay. Dkt. No. 327 at 3. Defendant counters, and argues that the screenshots are reliable, because there is no evidence of manipulation, of either the "hex" files, or the screenshots after they were created. Dkt. No. 297 at 6. Defendant dismisses Plaintiff's cited caselaw, as not on point. *Id.* at 7. They note that evidence need not be admissible for an expert to rely on it in forming opinions.

The Court is persuaded by Defendant's arguments that there is no improper reliance on unverified screenshots from Defendant's software. Furthermore, because an expert may support his opinion with hearsay, Plaintiff's hearsay objections are likewise unavailing. The Court finds

that reliance on screenshots related to the accused technology, produced to the expert by the Defendant is within the ordinary practice of a technical expert such as Dr. Ducharme.

        2.     *Testing Data*

Plaintiff next contends that Dr. Ducharme's Rebuttal Report's paragraphs 213-14 merely parrot Defendant's internal tests as his own analysis. Dkt. No. 260 at 12. Plaintiff argues that because the report does not rest on Dr. Ducharme's analysis, it is not a proper expert opinion under FRE 702 and *Daubert*. Defendant argues that the cited internal testing was used by Dr. Ducharme as a baseline to compare with the '305 patent and Plaintiff's testing. Dkt. No. 297 at 12; *See also* Dkt. No. 260-4 at 104 (Ducharme Report ¶¶ 213-14).

The Court is convinced that Paragraphs 213-14 of Dr. Ducharme's report contain recitals properly within the scope of a technical expert's report. While the accused paragraphs contain testing data from Defendant, they serve as a foundation to compare with Plaintiff's data and the '305 patent. This is a reasonably reliable use of the data. Therefore, the Court will not strike paragraphs 213-14 of Dr. Ducharme's report.

    **C.**     **Dr. Ducharme's Supplemental Rebuttal Report**

Plaintiff challenges Dr. Ducharme's Supplemental Rebuttal Report on three grounds. Dkt. No. 260 at 3-5. The report contains a "factual summary" of a technical process performed by Defendant.

First, Plaintiff argues that the Report merely "dressed up and sanctified" Defendant's own testimony "as the opinion of an expert." Defendant argues that the supplemental report served to buttress Dr. Ducharme's non-infringement positions, based on a technical process demonstration Defendant performed.

Second, Plaintiff argues that the Report attempts to "smuggle in late-produced factual material" through Dr. Ducharme's description of eight photographs taken during Defendant's

technical process demonstration. Plaintiff argues that because the photos were not taken by Dr. Ducharme or part of the court-ordered inspection of the technical process, but rather produced by Defendant for Ducharme's report, they are improper additions to now-closed fact discovery. Dkt. No. 260 at 3-5.

Finally, Plaintiff argues that Dr. Ducharme's Supplemental Report does not rebut any expert opinions proffered by Phenix. They argue that Dr. Ducharme's own report admits that his supplemental report "incorporates evidence from the Phenix inspection" and "does not introduce any new theories of noninfringement but instead incorporates additional evidence not previously available to me." Dkt. No. 260 at 5 (quoting Dkt. No. 260-5 at 2-3).

In their brief, Defendant opines that the supplemental report served to confirm Dr. Ducharme's "opinion that the accused ICs do not store a 'predetermined gamma reference voltage signal display condition' in gamma B as required in the '305 patent." Dkt. No. 297 at 3-5. Defendant argues that Plaintiff's cited caselaw is inapplicable on the facts, because in the cited cases, the supplemental reports merely parroted new evidence, and the expert was unable to testify to any familiarity with the new material. Finally, Defendant contends that Dr. Ducharme's supplemental report did not introduce any new non-infringement contentions, but rather buttressed their existing non-infringement contentions, and rebuts Plaintiff's infringement expert report.

The Court finds striking Dr. Ducharme's Supplemental Infringement Report improper. The report serves to supplement his infringement opinions with testimony concerning an additional technical process conducted by Defendant. Because such a supplement is permitted when timely, Dr. Ducharme's timely expert report explaining Defendant's technical process for the jury is within the normal bounds of a technical expert. Therefore, the Court will not strike Dr. Ducharme's Supplemental Rebuttal Report.

## III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Strike Portions of Dr. Ducharme's Expert Report.

**SIGNED this 12th day of January, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE