# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PHENIX LONGHORN LLC, | § |
| *Plaintiff*, | § |
| v. | § |
| AU OPTRONICS CORPORATION, HISENSE ELECTRONICA MEXICO, S.A. DE C.V., HISENSE USA CORPORATION, HISENSE VISUAL TECHNOLOGY CO., LTD., *and* DOES 1–10, | § CASE NO. 2:23-CV-00477-RWS-RSP |
| *Defendants*. | § |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Opposed Motion for Leave to Supplement the Opening Damages Report of Justin Blok. **Dkt. No. 236**. The motion is ripe. *See* Dkt. Nos. 278, 305. Additionally, the Court carried Defendants' related arguments for exclusion of Mr. Blok's reliance on the RossettiStarr Report to be addressed herein as well from their *Daubert* motion to exclude certain portions of Mr. Blok's expert report. *See* Dkt. Nos. 251, 294, 335, 340.

In the Motion, Phenix seeks to supplement the report in order to "(1) true-up the royalty base according to the parties' agreement with respect to sales with iML chips, (2) true-up the royalty base to account for newly identified US sales, and (3) include a calculation of the prejudgment interest from the date of the hypothetical negotiation in 2011 to the present." *See* Dkt. No. 236 at 1. Phenix states that it is only requesting leave as to (2) and (3) because AUO does not oppose supplementation as to (1). *See id.*

The Court begins by noting that parties may not supplement expert reports after the deadline without leave. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for

good cause and with the judge's consent"); *see also United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-366, 2019 WL 7041305, at *1 (E.D. Tex. Dec. 19, 2019) ("[t]he Court may grant a party leave to supplement its expert's report after the deadline for 'good cause.'" (citing Fed. R. Civ. P. 16(b)(4)).

In determining whether there is good cause to supplement an expert report, this Court considers "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *See G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-CV-78, 2023 WL 5617639, at *1 (E.D. Tex. Aug. 30, 2023) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

In Defendants' response, they indicate that they only oppose supplementation as to the addition of the RosettiStarr Report. *See* Dkt. No. 278 at 4–5. Defendants argue that Mr. Blok should be entitled to supplement to (1) update sales figures based on AUO and Hisense's late production of BOMs and sales data, and (2) add pre-judgment interest calculations, considering that those issues will be addressed post-trial in any event. *See id.* Defendants only ask that Mr. Kemmerer be allowed to respond. *See id.* Plaintiffs agree that Kemmerer should be allowed to respond on these issues. *See* Dkt. No. 305 at 5 ("Phenix has already represented to AUO that it would agree to additional supplement by Mr. Kemmerer in response to Mr. Blok's supplement").

Because Defendants agree with the caveat that Mr. Kemmerer be allowed to supplement to address changes only, and the Court sees no prejudice in allowing Mr. Blok to supplement with respect to updated sales figures and pre-judgment interest, and in view

2

of his diligence in supplementing with respect to the late-produced documents, the Court finds good cause to allow supplementation to the limited extent that the Parties have agreed upon. Thus, Phenix's Motion is **GRANTED** to the extent that Mr. Blok is permitted to supplement his report with respect to updated sales figures and pre-judgment interest calculations, and Dr. Kemmerer is permitted to supplement in order to respond only to those updates.

The Court now considers the four factors with respect to the opposed portion of the Motion: Mr. Blok's supplementation to add reliance on the RosettiStarr Report. As to diligence, Phenix argues it was diligent in retaining RosettiStarr "after Phenix learned the new financial documents, produced six days before the close of fact discovery, still did not identify the ultimate location where each" customer of AUO shipped its products. *See* Dkt. No. 236 at 4. However, as Defendants persuasively argue, Phenix had the documents necessary to retain RosettiStarr since at least March of 2025, but delayed in doing so until September. *See* Dkt. No. 278 at 6. Because the Court finds that Phenix was not diligent, this factor weighs against allowing supplementation.

As to importance, Phenix argues that supplementation is imperative because the RossettiStarr Report provides a more reliable basis upon which Mr. Blok can base his importation analysis. *See* Dkt. No. 236 at 4. Phenix also argues that Defendants do not dispute the importance factor. *See* Dkt. No. 305 at 2. It is unclear whether Defendants do dispute this factor, however, as their argument is somewhere in between the poles of (i) if it was important, Phenix would had disclosed it earlier, and (ii) Phenix hid it, so it must have been important. *See* Dkt. No. 278 at 9. The Court finds that, while it may provide for a

3

slightly more reliable importation analysis for Mr. Blok, because the Court already found his prior method of estimating importation to be sufficiently reliable for the purposes of admissibility, it is not of great necessity. Accordingly, this factor only weighs slightly in favor of supplementation.

As to prejudice, Defendants persuasively argue that they were prevented from seeking discovery due to the timing of the disclosure of the RosettiStarr Report. *See* Dkt. No. 278 at 7–8. Specifically, the report was allegedly served at "7PM the night before AUO's damages expert was to be deposed, and two days before Mr. Blok's deposition." *See id.* at 8. Thus, Plaintiff's rebuttal that it was served before those depositions and Defendants asked Mr. Blok *some* questions about it, *see* Dkt. No. 305 at 4–5, is less persuasive. Defendants complain that Mr. Kemmerer was unable "to analyze that report prior to his deposition," and that Defendants are "left with little to no actual knowledge about the RosettiStar Report and its underlying data or methodologies" even after Mr. Blok's deposition, where he disclaimed knowledge on these aspects of the report. *See* Dkt. No. 278 at 7–8. Defendants also represent that, had the RosettiStarr Report been earlier disclosed, they would have "sought discovery related to . . . work product protection by Phenix" and "investigate[d] the data underlying [it] including for example whether it [was] based on public or private information." *See id.* at 8. The Court therefore finds that Defendants' strong showing of prejudice weighs heavily against allowing the amendment Phenix now seeks.

And, as to the final factor, the availability of a continuance to cure any such prejudice, the case is set to proceed to trial in just a few days. The Court finds that this factor therefore weighs against supplementation.

4

On balance, because Defendants have made an exceptionally strong showing of prejudice that clearly outweighs the importance of the RosettiStarr Report, and because Phenix has not shown that it was genuinely diligent in seeking the Report or supplementation, the Court finds that the factors weigh against allowing supplementation of Mr. Blok's opinions to add the RosettiStarr Report. Consequently, the Court finds that Phenix's Motion, to the extent that it seeks to supplement Mr. Blok's importation analysis with the RossettiStarr Report, should be and hereby is **DENIED**. Because the Motion is denied in this regard, the Court does not reach Defendants' related arguments for exclusion of Mr. Blok's reliance on the RossettiStarr Report from their *Daubert* motion. *See* Dkt. No. 251.

**SIGNED this 14th day of January, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE