IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHENIX LONGHORN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-477-RWS-RSP |
| | § | |
| AU OPTRONICS CORPORATION and HISENSE ELECTRONICA MEXICO, S.A. de C.V., et al., | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

The above-captioned case was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). Before the Court is Defendant's Objection to Magistrate Judge Payne's Report and Recommendation to AUO's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,233,305 ("the '305 Patent"). Docket No. 433.

## BACKGROUND

On November 12, 2025, Defendant AU Optronics Corporation filed a Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,233,305 ("AUO Non-Infringement MSJ"). Docket No. 252. The motion is fully briefed. Docket Nos. 252, 301, 325, 356. The Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the AUO Non-Infringement MSJ be denied. Docket No. 415.

On January 13, 2026, Defendant filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 433. It argues that the Magistrate Judge erred by (1) finding that a genuine dispute of material fact exists concerning whether the Accused Products infringe limitation 1[d] of the '305 Patent, *id.* at 2, and (2) denying Defendant's partial summary judgment that the G-1422 IC does not infringe the '305 Patent, *id.* at 4.

## LEGAL STANDARDS

The Court reviews a magistrate judge's report and recommendation in light of any filed objections. 28 U.S.C. § 636(b)(1); *Wallace v. Mississippi*, 43 F.4th 482, 394–96 (5th Cir. 2022). The portions of the report and recommendations objected to are reviewed *de novo*, while the remainder is reviewed for clearly erroneous factual findings and legal conclusions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006).

Summary judgment exists, in part, "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court may grant summary judgment when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 327. A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

I. **The Magistrate Judge Correctly Concluded that a Genuine Issue of Material Fact Exists Concerning Whether the Accused Products Practice Limitation 1[d].**

Defendant argues that the Magistrate Judge erred in finding that a genuine issue of material fact exists regarding whether the Accused Products infringe limitation 1[d] of the '305 Patent. Docket No. 433 at 2. First, Defendant complains that Joseph McAlexander's errata—which Plaintiff provided Defendant on October 27, 2025—was only necessary because of Plaintiff's

"prejudicial failure of disclosure." *Id.* The Court disagrees. Plaintiff made clear in the errata that the changes "do not contain any new substantive evidence or new opinions, and instead are provided only for the purposes of clarification." Docket No. 252-6 at 1. With respect to limitation 1[d], Plaintiff's errata cited evidence and analysis previously disclosed in Mr. McAlexander's opening report on September 30, 2025. *Id.* at 2. Further, Plaintiff served the errata before Mr. McAlexander's deposition on November 4, 2025, during which Defendant had an opportunity to question Mr. Alexander about his opinions related to limitation 1[d]. *See generally* Docket No. 301-5. The Court concludes that Defendant has not demonstrated prejudice based on Mr. McAlexander's errata.

Second, Defendant contends that Mr. McAlexander does not analyze whether the plurality of inputs is "connected to" the multiplexer for purposes of addressing non-volatile storage cells. Docket No. 433 at 3. Defendant relies on *Nat'l Oilwell DHT, L.P. v. Amega W. Serv's., LLC* for the proposition that "[w]here the plaintiff fails to present evidence that the accused device contains a claim limitation, summary judgment of non-infringement is appropriate." Docket No. 433 (citing No. 2-14-1020, 2020 WL 1890631, at *4 (E.D. Tex. Apr. 16, 2020)). But that case is distinguishable.

The court in *Nat'l Oilwell* granted summary judgment of non-infringement of the asserted patent because the plaintiff failed to present evidence sufficient to raise a genuine issue of material fact to support its position that the accused product included a "drill bit support coupled to the body." 2020 WL 1890631, at *4. The plaintiff's only support for its position was an expert's "conclusory statement" for which the expert "provide[d] no explanation" and no evidence. *Id.* The court concluded that this was insufficient to survive summary judgment. *Id.*

Here, as the Magistrate Judge explained, both Mr. McAlexander's expert report and his deposition demonstrate that he relies on the "evidence and analysis that shows that the multiplexed addressing of memory cells is *based on* the inputs [regarding limitation 1[b]] also shows that the multiplexer is *connected to* those same inputs [regarding limitation 1[d]]." Docket No. 415 at 4 (emphasis in original). Plaintiff correctly identified the documents upon which Mr. McAlexander bases his opinion in its response:

> Mr. McAlexander cites, for example, to AUO's RFQ for each of the accused IC models, deposition testimony of AUO's 30(b)(6) witnesses Center Chen and Bear Syong, the datasheets provided by AUO's pgamma IC suppliers, the schematics provided by AUO's pgamma IC supplier Raydium Semiconductor, AUO's screenshots for its "Pgamma Adjustment" software that demonstrates a "Gamma/Bank" selection, and TechInsights's directed investigation confirming the existence of a multiplexer in the accused IC models.

Docket No. 301 at 8. This is a far cry from the "conclusory" assertions by the plaintiff's expert in *Nat'l Oilwell*.

Third, Defendant identifies differences in the claim language in limitations 1[b] and 1[d], which it contends creates a claim construction issue for the Court to decide. Docket No. 433 at 3. However, there is no claim construction issue that needs to be resolved. Mr. McAlexander argues that the same evidence and analysis that applies to limitation 1[b] can also serve to satisfy Plaintiff's burden with respect to limitation 1[d]—not that limitations 1[b] and 1[d] have the same scope.[1] Thus, the issue is not one of claim construction but, rather, the sufficiency of evidence. Since the Court concluded above that Plaintiff's evidence creates a fact issue regarding limitation 1[d], the sufficiency of the evidence is a question reserved for the jury.

---

[1] If Defendant believed that a claim construction issue existed, it could have requested relief in its *O2 Micro* Motion for Further Claim Construction filed on December 9, 2025—after Mr. McAlexander's errata and deposition. *See* Docket No. 348. Further, Defendant does not argue that Mr. McAlexander's expert report and testimony is insufficient to raise a fact issue with respect to limitation 1[b].

Page 4 of 7

For the above reasons, the Court hereby **OVERRULES** Defendant's objections to the Magistrate Judge's R&R with respect to non-infringement of limitation 1[d] of the '305 Patent.

**II.    The Magistrate Judge Correctly Concluded that a Genuine Issue of Material Fact Exists Concerning Whether the G-1422 IC Infringes the '305 Patent.**

Defendant next argues that Plaintiff's statements related to the G-1422 IC, cited in the Report and Recommendation, "boil down to a purported argument that the G201/301 is representative of the G-1422" and do not raise a genuine issue of fact regarding infringement of the '305 Patent. Docket No. 433 at 4. This argument is misplaced. Mr. Alexander does not claim that the other Accused Products are representative of the G-1422 IC. Rather, Mr. McAlexander merely explains that, with respect only to whether the G-1422 IC practices limitation 1[f], his analysis of the G201/301 also applies. This does not mean, as Defendant suggests, that "mere identification of the Accused Instrumentalities is sufficient to show representativeness," Docket No. 433 at 4, because Mr. McAlexander performed an independent analysis of the G-1422 IC and may simply have reached the same conclusions he did for the other Accused Products.

Defendant's reliance on *L & W, Inc. v. Shertech, Inc.* is misplaced. 471 F.3d 1311 (Fed. Cir. 2006). There, the district court granted the defendant's motion for summary judgment on its infringement counterclaim. *Id.* at 1317. The Federal Circuit, however, reversed, determining that a genuine issue of material fact existed on the issue of infringement. *Id.* The defendant, despite having the burden of proof with respect to its counterclaim of infringement, argued that it was the plaintiff's responsibility to "refute [the defendant]'s assumption that the design of the sixteen heat shields was substantially similar." *Id.* The defendant's expert testified at trial that he had examined "approximately all" of the accused products and had conducted a specific analysis of only 1 of the 16 in rendering his opinions on infringement. *Id.* at 1316.

Mr. McAlexander's analysis here is distinguishable. In his expert report, he makes clear that he independently analyzed each of the Accused Products, including the G-1422 IC. *See, e.g.*, Docket No. 301-4 at ¶ 19 ("I have also reviewed test results from an investigation of AUO's AUO-G1422.1J product by TechInsights that I directed."); *id.* at ¶ 141 ("In addition to testimony before the District Court regarding my opinions resulting from investigation of the AUO-G1422, AUO-G201, and AUO-G301 gamma integrated circuits ("pgamma chips"), and each of their associated timing and control boards ("TCON boards") and LCD panels which incorporate the pgamma ICs, I expect to provide rebuttal testimony as required."). The evidence and analysis cited by Plaintiff and Mr. McAlexander is sufficient to raise a genuine issue of material fact as to whether the G-1422 IC practices limitation 1[f] of the '305 Patent.

Defendant also complains that the Report and Recommendation does not address *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.* 725 F.3d 1377 (Fed. Cir. 2013). But that case is also distinguishable. The expert witness in *Rembrandt* stated at trial that he had tested 6mm of stacked lenses in compliance with the "industry-standard Shore D Hardness" methodology. *Id.* at 1380. However, in his expert report, he claimed to have only tested 2.54mm, which he then testified on cross-examination " 'might be a typo.' " *Id.* The court concluded that the expert had failed to produce a report in compliance with Federal Rule of Civil Procedure 26 and that disclosing such a change in methodology during cross examination "was not substantially justified." *Id.* at 1382.

Defendant does not identify any such omission or conflict here. Mr. McAlexander explained that "for the reasons described in Attachment A[], the AUO Accused Instrumentalities

practice Element 1[e],"[2] Docket No. 301-4 ¶ 175, and that the "Accused Instrumentalities" include the "G1422," *id.* ¶ 86. Further, as discussed above, Defendant had an opportunity to depose Mr. McAlexander about these opinions on November 4, 2025. *See supra*, Section I. To the extent that Mr. McAlexander deviates from his expert report, errata, or deposition testimony at trial, Defendant will have an opportunity to cross-examine him then.

For the above reasons, the Court hereby **OVERRULES** Defendant's objections to the Magistrate Judge's R&R with respect to infringement by the G-1422 IC.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Defendant objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the Report and Recommendation of the Magistrate Judge is correct and Defendant's objections are without merit. Accordingly, it is

**ORDERED** that Defendant's objections (Docket No. 433) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 415) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the AUO Non-Infringement MSJ (Docket No. 252) is **DENIED**.

**So ORDERED and SIGNED this 15th day of January, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[2] Mr. McAlexander's expert report incorrectly identifies limitation 1[f] as 1[e]. *See* Docket No. 301-4 ¶ 84. He corrected this issue in his errata on October 27, 2025. Docket No. 252-6 at 2.